# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARKIECE PALMER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79397

FILED

FEB 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

Appellant filed his petition on May 10, 2019, more than one year after this court issued its remittitur on direct appeal on February 20, 2018. *See Palmer v. State*, Docket No. 67565 (Order of Affirmance, January 25, 2018). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated a postconviction petition for a writ of habeas corpus on the merits, and it constituted an abuse of the writ to the extent that he raised claims new and different from those raised in his previous petition. *See* NRS 34.810(1)(b)(2); NRS 34.810(2); *see also Palmer v. State*, Docket No. 70970 (Order of Affirmance, March 15, 2018). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Good cause may be demonstrated by a showing that the factual or legal basis for

21-04485

a claim was not reasonably available to be raised in a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Based upon our review of the record on appeal, we conclude that the district court did not err in denying the petition as procedurally barred for the reasons discussed below.

Appellant argues that *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), provides good cause because his trial counsel conceded his guilt without his informed consent. He is mistaken, as *McCoy* is distinguishable. *McCoy* held that an attorney may not concede a defendant's guilt of a charged crime over a defendant's express objection. 138 S. Ct. at 1509. *McCoy* differentiated a defendant who opposed counsel's concession from a defendant who "'was generally unresponsive' during discussions of trial strategy, and 'never verbally approved or protested'" the concession strategy. *Id.* (quoting *Florida v. Nixon*, 543 U.S. 175, 181 (2004)). *McCoy* did not hold that a defendant must expressly consent to a concession or that a canvass must precede a concession. *See id.* Here, trial counsel conceded appellant's guilt to two of the three charges (child abuse) during closing arguments but disputed that appellant had committed first-degree murder because the injury leading to the victim's death was allegedly accidental. During an earlier discussion on the record and outside the jury's presence, trial counsel indicated that the defense might make concessions as to the child abuse charges depending upon how appellant's wife testified, that the strategy had been discussed for over a year with appellant, but that there would be no concession to the murder charge. The court then addressed appellant, explaining the State's burden of proof, and asked appellant whether he had discussed "decisions and strategies" with counsel.

Appellant affirmatively indicated that he had done so. He did not object to the concession strategy. Because appellant never opposed the concession strategy, *McCoy* is distinguishable and does not provide good cause. We therefore need not decide whether *McCoy* applies retroactively.

To the extent that appellant argues that trial counsel did not adequately advise him of the ramifications of the concession strategy, *McCoy* likewise does not provide good cause. *McCoy* addressed "a client's autonomy, not counsel's competence," 138 S. Ct. at 1510, and any claims challenging trial counsel's advice could have been raised in appellant's first, timely petition based on *Nixon*.[1]

Therefore, we conclude that the district court did not err in determining that *McCoy* did not provide good cause in this case and that the district court correctly applied the mandatory procedural bars.[2] *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 233, 112 P.3d 1070, 1074, 1075 (2005). We further conclude that the district court did not abuse its discretion in declining to conduct an evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984)

---

[1]Notably, *McCoy* did not alter the holding in *Nixon*. *McCoy*, 138 S. Ct. at 1509.

[2]We reject the State's argument that a claim based on *McCoy* can only be raised on direct appeal. A *McCoy* claim can be raised in a postconviction habeas petition, albeit subject to the procedural bar in NRS 34.810(1)(b) because it could have been raised on appeal. *See* NRS 34.724(1) ("Any person convicted of a crime and under sentence of . . . imprisonment who claims that the conviction was obtained . . . in violation of the Constitution of the United States or the Constitution or laws of this State . . . may . . . file a postconviction petition for a writ of habeas corpus to obtain relief from the conviction . . . .").

SUPREME COURT
OF
NEVADA

(O) 1947A

(providing that an evidentiary hearing is required when a claim is supported by specific facts that, if true and not belied by the record, would entitle the petitioner to relief). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon


cc:     Chief Judge, Eighth Judicial District Court
        Department 19, Eighth Judicial District Court
        Federal Public Defender/Las Vegas
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk